UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEMPHIS L. FOGLE,

      Petitioner,

vs.                                CASE NO. 8:10-cv-2639-T-27EAJ

SECRETARY OF DEPARTMENT
OF CORRECTIONS,

      Respondent.
_____/

## O R D E R

Petitioner, a State of Florida inmate proceeding *pro se*, petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 and challenges the validity of her convictions for second-degree murder and attempted robbery entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. The Respondent argues that Petitioner's grounds should be dismissed on procedural grounds or for failure to meet the threshold requirements of 28 U.S.C. § 2254(d) and (e).

### Facts[1]

Petitioner and her boyfriend, Kimo Riley, went to Shawn Rehor's apartment to buy marijuana. Petitioner and Riley went to Rehor's front door, and Riley, armed with a gun, instructed Petitioner to spray Rehor in the face with pepper spray when Rehor answered the door, which she did. Petitioner and Riley then entered Rehor's apartment. Riley told Petitioner to search the bedroom, which she did. Riley also searched the apartment for marijuana and cash. A struggled

---

[1] This factual summary derives from Petitioner's brief on direct appeal (Doc. 13, Ex. 2) and evidence adduced at trial.

ensued between Rehor and Riley over the gun. Rehor managed to take the gun from Riley. Riley charged at Rehor and Rehor fired the gun as he and Riley fell through a sliding glass door. Riley sustained a gunshot wound. Riley and Petitioner then fled the apartment. Riley collapsed in the hallway outside Rehor's apartment and ultimately died of the gunshot wound.

Rehor later identified Petitioner from a photographic line-up and she was arrested. At trial, Petitioner unsuccessfully pursued a defense of duress and was convicted.[2]

## Procedural background

Petitioner was sentenced to fifteen years imprisonment for the second-degree felony murder conviction and a concurrent term of twenty-two years for the attempted robbery conviction. Petitioner's convictions were affirmed in a *per curiam* decision without written opinion. (Doc. 13, Ex. 5).

Petitioner subsequently filed a *pro se* motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850. (Doc. 13, Exs. 8, 9). The state post-conviction court rejected the motion in part and ordered an evidentiary hearing on certain claims of ineffective assistance of counsel. (Doc. 13, Exs. 10, 12). Following the evidentiary hearing, the state court denied the remaining claims. (Doc. 13, Ex. 14). Petitioner appealed. On June 16, 2010, the state district court of appeal affirmed the denial of the Rule 3.850 motion in a *per curiam* decision without written opinion. (Doc. 13, Ex. 17).

Petitioner filed her Section 2254 petition on November 12, 2010.[3] Respondent concedes the petition's timeliness. Petitioner presents nine grounds for relief:

---

[2] In April 2004 the case proceeded to trial but resulted in a mistrial. The second trial commenced in June 2004 and resulted in Petitioner's convictions.

[3] Petitioner did not file a memorandum of law or a reply to Respondent's response.

2

**Ground One:**     Trial counsel rendered ineffective assistance by not moving to dismiss the "fundamentally defective" indictment

**Ground Two:**     <u>Claim 1</u>:     Trial counsel rendered ineffective assistance by not advising Petitioner "on the availability of defenses"

                    <u>Claim 2</u>:     Trial counsel rendered ineffective assistance by "not requesting the independent act doctrine instruction for the jury"

**Ground Three:**   Trial counsel rendered ineffective assistance by not moving to suppress photographs of the victim

**Ground Four:**    Trial counsel rendered ineffective assistance by not allowing Petitioner to participate in discovery

**Ground Five:**    Trial counsel rendered ineffective assistance by not moving to suppress the firearm used to shoot the victim

**Ground Six:**     Trial counsel rendered ineffective assistance by conceding Petitioner's guilt in his opening statement

**Ground Seven:**   Trial counsel rendered ineffective assistance by not arguing "the exclusion of character evidence"

**Ground Eight:**   Trial counsel rendered ineffective assistance by not objecting to prosecution witness Aneita Fowler testifying at the second trial

**Ground Nine:**    Trial counsel rendered ineffective assistance by not requesting a jury instruction on the lesser-included offense of assault

Upon review, the petition must be DENIED.

<u>**Standard of Review**</u>

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court

review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002). *See Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to

decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell*, 535 U.S. at 693. Federal courts must afford due deference to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 130 S. Ct. 1855, 1866 (2010).

In a *per curiam* decision without written opinion the state district court of appeal affirmed Petitioner's convictions on direct appeal. In another *per curiam* decision, the state district court of appeal affirmed the denial of Petitioner's Rule 3.850 motion. The *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision[s] does not lessen the deference that [they are] due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).

Petitioner bears the burden of overcoming state court factual determinations by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact, but not to a mixed determination of law and fact. *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001). The state courts' rejection of Petitioner's post-conviction claims warrants deference in this action.

## Standard of Review for Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel

claim:

> The law regarding ineffective assistance of counsel claims is well settled and well
> documented.  In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80
> L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing
> ineffective assistance of counsel claims. According to *Strickland*, first, the defendant
> must show that counsel's performance was deficient.  This requires showing that
> counsel made errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the defendant must
> show that the deficient performance prejudiced the defense.  This requires showing
> that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial
> whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*

*v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance

claim . . . to address both components of the inquiry if the defendant makes an insufficient showing

on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose

of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have

rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness

claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." *Id.*  *Strickland* requires that "in light of all the

circumstances, the identified acts or omissions were outside the wide range of professionally

competent assistance." *Id.*

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting

6

aside the judgment of a criminal proceeding if the error had no effect on the judgment," Petitioner must demonstrate that counsel's error prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690-91. Petitioner cannot meet her burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

## Exhaustion and Procedural Bar

Petitioner presented nineteen grounds for relief in her state court Rule 3.850 motion (Doc. 13, Exs. 8, 9). Among those grounds are the nine grounds she presents in her federal Section 2254

7

petition. As noted, the state post-conviction court summarily rejected certain of those grounds and conducted an evidentiary hearing on the remaining grounds. (Doc. 13, Ex. 12). Following the evidentiary hearing, the remaining grounds were denied. (Doc. 13, Ex. 14). Petitioner appealed the denial of her Rule 3.850 motion but significantly, included only one ground for relief in her brief.[4] (Doc. 13, Ex. 15). Her brief did not include any of the grounds she presents in her federal petition.

In response to the federal petition (filed in June 2011) Respondent argues that each of the grounds in the federal petition is unexhausted because, although Petitioner presented the grounds to the state court in her Rule 3.850 motion, she did not (as required under state procedural rules) appeal the denial of these grounds. *See* Fla. R. App. P. 9.141. Respondent argues that each of the nine grounds in the federal petition (both those summarily denied by the state post-conviction court and those denied after the evidentiary hearing) should be rejected as unexhausted and procedurally barred.

Subsequent to the filing of the Respondent's response, the Florida Second District Court of Appeal issued *Cunningham v. State*, __ So. 3d __, 2012 WL 413812 (Fla. 2d DCA, Feb. 10, 2012). In *Cunningham*, that court explained that between December 2000, and September 2010, its policy in an appeal of the denial of a Rule 3.850 motion required briefing only on grounds that were denied after an evidentiary hearing. A merits review of any summarily denied grounds was conducted regardless of whether those ground were briefed on appeal. Petitioner's appeal of the denial of her

---

[4] In her appellate brief Petitioner raised the following issue:

Whether the trial court erred in den[ying] ground two of [Petitioner's] Rule 3.850 post-conviction motion [alleging ineffective assistance of counsel for failure to inform Petitioner of the elements of a "principal"].

(Doc. 13, Ex. 15).

Rule 3.850 motion was filed in August 2009, during the timeframe in which the Second District Court of Appeal reviewed the merits of claims summarily denied but not briefed on appeal. Consequently, Petitioner's failure to brief in the state appellate court the summarily denied claims of ineffective assistance of counsel presented in grounds one, four, six, seven, eight, and nine of the federal petition caused no procedural default because the grounds were automatically reviewed by the state appellate court under that court's internal procedures as described in *Cunningham*. Respondent's exhaustion argument as to each of those grounds is therefore rejected. Grounds one, four, six, seven, eight, and nine are neither unexhausted nor procedurally barred.

The remaining grounds in the federal petition (Grounds two, three, and five) were considered by the state post-conviction court on the merits after the evidentiary hearing. Under the internal review procedures described in *Cunningham*, Petitioner was obligated to raise and brief those grounds on appeal, which she failed to do. *See* Fla. R. App. P. 9.141(b)(3)(C).[5] *See also Cunningham*, 2012 WL 413812 at *1 ("In the above-described period [between December 2000 and October 2010], this court interpreted [the Florida Rules of Appellate Procedure] to provide relief under . . . rule 9.141(b)(3) for grounds denied after an evidentiary hearing. The effect of this interpretation was to require briefing under rule 9.141(b)(3)(C) only for grounds that were denied after an evidentiary hearing."). Accordingly, Grounds two, three, and five of her federal habeas petition are procedurally defaulted, since Petitioner would be barred from returning to state court to raise them in a second appeal of the denial of her Rule 3.850 motion. *See* Fla. R. App. P.

---

[5] Rule 9.141(b)(3)(C), Fla. R. App. P., requires submission of an initial brief within 30 days of service of the record or its index.

9

9.141(b)(3)(C).

Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is applicable." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). In other words, she must show at least a reasonable probability of a different outcome. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003); *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier*, 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Henderson*, 353 F.3d at 892. This exception requires a petitioner's "actual" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. *Schlup*, 513 U.S. at 327.

Petitioner fails to demonstrate cause and prejudice excusing her default. *Carpenter*, 529 U.S.

at 451; *Carrier*, 477 U.S. at 495-96. She neither alleges nor shows that the fundamental miscarriage of justice exception applies. *Henderson*, 353 F.3d at 892. Because Petitioner fails to proffer specific facts showing an exception to procedural default, Ground two (claims 1 and 2), Ground three, and Ground five of the federal petition are procedurally barred from federal review.

## Merits

### Ground One

Petitioner contends that her trial counsel rendered ineffective assistance by not moving to dismiss the "fundamentally defective" Information. She alleges that, although she was charged with robbery with a firearm and second-degree felony murder, the Information "made no mention of [her] being charged as a 'principal' [under] Fla. Stat. 777.01, nor did it make mention of her being an aider or abettor." (Doc. 1, p. 3). Petitioner claims that she was offered a plea bargain of ten years imprisonment followed by twelve years of probation but was not informed at the time of the offer that she was being charged as a principal. She argues that she was "reassured" that she had "a good chance of winning at trial" so she proceeded to trial. Petitioner further argues that "[t]he lack of the use of the words principal, aider or abettor" rendered the Information defective.

The state post-conviction court summarily rejected this ground of ineffective assistance of counsel in Petitioner's Rule 3.850 motion:

> Defendant alleges ineffective assistance of counsel for failing to dismiss a defective information. Specifically, Defendant claims that information did not charge Defendant as a principal, or as an aider or abettor. Defendant claims she was prejudiced because she did not know she was being charged as a principal until trial. Defendant claims that if counsel had moved to have the information dismissed, the charges would have been dismissed and an amended information would have been filed by the prosecution. However, Defendant's claim does not merit relief. A person is not required to be charged as a principal in the information. *See State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971). As such, any motion to dismiss by counsel

11

on a defective information would not have been successful and counsel cannot be deemed deficient for failing to so move. As such, [this] ground . . . is denied.

(Doc. 13, Ex. 10, pp. 3-4).

The record supports that state post-conviction court's rejection of this ground. An Information charged Petitioner with second-degree felony murder and robbery with a firearm. (Doc. 13, Ex. 1, Vol. I, pp. 16-18). The state trial court judge instructed the jury on the law of principals.[6] "Under Florida law, a person who is charged in an Indictment or Information with commission of a crime may be convicted on proof that she aided or abetted in the commission of such crime." *State v. Larzelere*, 979 So. 2d 195, 215 (Fla. 2008) (citations omitted). "[A] person is a principal in the first degree whether [s]he actually commits the crime or merely aids, abets or procures its commission, and it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding or abetting in its commission, so long as the proof establishes that [s]he was guilty of one of the acts denounced by the statute." *State v. Roby*, 246 So. 2d 566, 571 (Fla. 1971). Petitioner cites no Florida law requiring an Information or Indictment to charge a defendant as a principal. As such, counsel could not have been ineffective in failing to move to dismiss the Information. Nor did Petitioner suffer prejudice as a result of counsel's failure to do so. In sum, Petitioner fails to fails to meet her burden of establishing that the state

---

[6] The state trial court judge instructed the jury:

Definition of principal. If the defendant helped another person or persons commit a crime, the defendant is a principal and must be treated as if the defendant had done all the things the other person or persons did if, number 1, the defendant had a conscious intent that the criminal act be done, and number 2, the defendant did some act or said some word which was intended to and which did incite, cause, encourage, assist or advise the other person or persons [to] actually commit the crime.

To be a principal, the defendant does not have to be present when the crime is committed. Mere presence at the scene of the crime is insufficient to establish the defendant's guilt.

(Doc. 13, Ex. 1, Vol. IX, pp. 926-27).

post-conviction court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground.  *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Four**

Petitioner contends that trial counsel rendered ineffective assistance by "den[ying] her participation in the criminal discovery process, particularly to participate in the depositions." (Doc. 1, p. 6).  Specifically, Petitioner cites to Fla. R. Crim. P. 3.220(h)(7), arguing that her "presence was greatly needed where there w[ere] many questions and concerns as to the statements given by State witnesses Aneita Fowler and Vanessa Esmeral that played a substantial role in the finding of [Petitioner]'s guilt." (Id.).

The state post-conviction court summarily denied these allegations in Petitioner's Rule 3.850 motion:

> Defendant alleges ineffective assistance of counsel for failure to allow Defendant's presence during depositions.  Specifically, Defendant alleges she should have been given the opportunity to confront her accusers and question the witnesses. Defendant cites to Florida Rule of Criminal Procedure 3.190(j)(3)[7] as evidence that a defendant shall be present at the time of the deposition.  However, Defendant's reliance on Florida Rule of Criminal Procedure 3.190(j)(3) is misplaced.  This section applies

---

[7] At the time of Petitioner's trial, Fla. R. Crim. P. 3.190(j)(3) stated:

If the deposition is taken on the application of the state, the defendant and the defendant's attorney shall be given reasonable notice of the time and place set for the deposition.  The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep the defendant in the presence of the witness during the examination.  A defendant not in custody may be present at the examination, but the failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present.  The state shall pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination.  The state shall make available to the defendant for examination and use at the deposition any statement of the witness being deposed that is in the possession of the state and that the state would be required to make available to the defendant if the witness were testifying at trial.

A subsequent amendment to the Florida Rules of Criminal Procedure effective in January 2010 resulted in a re-designation of sub-section (j) as sub-section (i).  The court in its analysis therefore refers to Rule 3.190(j)(3) as Rule 3.190(i)(3).  *See In re Amendments to the Florida Rules of Criminal Procedure*, 26 So. 3d 534, 539 (Fla. 2009).

only when a motion is made to perpetuate testimony. *See* Fla. R. Crim. P. 3.190(j). The Court notes that:

> Florida rules of criminal procedure provide for two types of depositions in criminal cases: (1) depositions to perpetuate testimony as set forth in rule 3.190(j); and (2) depositions for purposes of pre-trial discovery as set forth in rule 3.220(h).[8] These two types of depositions are very distinct. Depositions taken pursuant to rule 3.190 are specifically taken for the purpose of introducing those depositions at trial as substantive evidence. Depositions taken pursuant to rule 3.220, on the other hand, are for discovery purposes only.

*State v. Green*, 667 So. 2d 756 (Fla. 1995) (internal citations omitted). Moreover, "the defendant is not entitled to be present during a discovery deposition pursuant to rule 3.220(h)." *State v. Lopez*, 2008 Fla. LEXIS 1, 15 (Fla. 2008) (not final until time expires to file for rehearing). *See also* Fla. R. Crim. P. 3.22(h)(7). Defendant refers to Aneita Fowler and Vanessa Esmeral as the two witnesses whose depositions at which she would have liked to have been present. However, both of these witnesses testified at trial, therefore their depositions were taken pursuant to Florida Rule of Criminal Procedure 3.220. Morever, Defendant acknowledges that her counsel was present at these depositions. As Defendant was not entitled to be present at these discovery depositions, Defendant cannot show counsel's performance was deficient for failing to procure her presence. *See Lopez*, 2008 Fla. LEXIS 1 at 15. As such, [this ground] of Defendant's [Rule 3.850 motion] is denied.

(Doc. 13, Ex. 10, pp. 4-5) (court's record citations omitted).

    As the state post-conviction court highlighted, Florida Rule of Criminal Procedure 3.190(i)(3) pertains to securing testimony from a witness who may be unavailable for trial. In Petitioner's case, both Esmeral and Fowler were available and testified during the trial. (Doc. 13,

---

[8] Florida's discovery rule, as it relates to pretrial discovery depositions, provides as follows:

(7) Defendant's Physical Presence. A defendant shall not be physically present at a deposition except on stipulation of the parties or as provided by this rule. The court may order the physical presence of the defendant on a showing of good cause. The court may consider (A) the need for the physical presence of the defendant to obtain effective discovery, (B) the intimidating effect of the defendant's presence on the witness, if any, (C) any cost or inconvenience which may result, and (D) any alternative electronic or audio/visual means available.

Fla. R. Crim. P. 3.220(h)(7).

Ex. 1, Vol. IV, pp. 203-221; Vol. V, pp. 380-98). Therefore, contrary to Petitioner's contention, Rule 3.190(i) did not apply because the depositions were not taken to perpetuate Esmeral's or Fowler's testimony. Even assuming *arguendo* that Rule 3.190(i) applied, Petitioner's right to confrontation and cross-examination were not impeded by her non-attendance at the depositions, since Esmeral and Fowler both testified at trial and were subject to cross-examination. The state post-conviction court's denial of this ground did not result in a decision that was contrary to, or involved an unreasonable application of, the *Strickland* standard, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Six**

Trial counsel's opening statement included the following:

My client, Memphis Fogle, didn't rob anyone, didn't kill anyone. Never even touched the firearm in this case. The evidence will show that she's the mother of a six-year-old daughter and what she's guilty of is having made a bad choice for a boyfriend.

And the State kept referring to the deceased in this case as Kimo Riley. The irony in that is that he was not known by that name to Memphis Fogle. She knew him as Tony Perez. If you hear the names "Tony Perez" and "Kimo Riley" interchanged, we're talking about the same person. She'd known him for seven months. They had broken up that very morning and that's significant to this case, as you'll hear. And he was an abusive man. She was afraid of him. **She threatened him with the very same firearm that was taken away from him and used to cause his own death**.

. . . .

You're going to hear that . . . Kimo Riley and Memphis Fogle ascended three flights of stairs [to Rehor's residence]. . . . And you're going to hear that it was during that trip - - because this is what the State Attorney had been told and this is the key factor in this case - - this is what [the prosecutor] didn't [tell] you. While they were walking up those stairs is when Kimo Riley reached into his jacket, pulls out a loaded firearm, the very same firearm that only minutes later he'd be shot to death with,

pointed it at her and said, look, here's what you're going to do. You're going to knock on the door and when he opens the door, you're going to spray him with that pepper spray - - which she did, no question about it - - under duress.

The evidence is going to show that Ms. Fogle protested and said, I'm not going to do that, I have a child.

You're going to do it or I'm going to shoot you.

That's all this case is about, ladies and gentlemen, a woman acting under duress. That's what [the prosecutor] didn't tell you. And she's undoubtedly correct when she tells you, as she described for you a moment ago, that when Mr. Rehor opened the door, Ms. Fogle looked to the side because Kimo Riley was waiting in the wings with that gun. Memphis Fogle, on command and under duress of Kimo Riley, pepper sprayed Shawn Rehor and that's the very last thing she did.

. . . .

But again, what the evidence is going to show is that when Memphis Fogle was arrested a very short - - I mean within hours of this incident - - she gave a tape-recorded statement to the police. And in that statement she laid out in detail what I have just told you: that she was afraid of this man, that she pepper sprayed Mr. Rehor only because she was threatened to be shot and killed.

(Doc. 13, Ex. 1, Vol. IV, pp. 196-200) (emphasis added).

Petitioner contends that her trial counsel rendered ineffective assistance by conceding Petitioner's guilt during his opening statement when he said that she "threatened [Riley] with the very same firearm that was taken away from him and used to cause his own death." (Doc. 1, p. 8). Petitioner argues that she "never waived the right for her counsel to say any such thing," and that "this statement primed the jury to dislike [her]." (Id.). Petitioner claims that, if "the jury had not been subjected to this concession, the jury would have been able to apply the facts of the case to their decision-making process." (Id.).

The state post-conviction court summarily denied these allegations in Petitioner's Rule 3.850 motion:

16

Defendant alleges ineffective assistance of counsel for conceding Defendant's guilt. Specifically, Defendant claims counsel conceded guilt by stating during opening statements, "she threatened him with the very same firearm that was taken away from him and used to cause his own death." Defendant alleges further that, because counsel assumed she was guilty, it was likely the jury did as well, and that had the jury not heard this concession of guilt, the Defendant would have been acquitted or found guilty of a lesser charge. However, it is clear from the transcript that counsel's statement in no way conceded Defendant's guilt to the charges. The statement of which Defendant complains is made only once during opening statement and it in no way conceded guilt to the charges, but rather is quite clearly a remark directed at the history of the relationship between Riley and the Defendant. As counsel did not concede Defendant's guilt, counsel cannot be deemed deficient for so conceding. [This ground] is denied.

(Doc. 13, Ex. 10, pp. 8-9) (court's record citations omitted).

As the state post-conviction court pointed out, the statement that Petitioner challenges did not amount to a concession of guilt. Rather, the record shows that the statement, in context, was made to provide background for the jury to understand the extent of Petitioner's fear of Riley and the extent to which she would have to go to protect herself against Riley as support for her contention that she acted under duress based on Riley's threat to kill her if she did not pepper spray Rehor. Counsel's statement was not an admission of Petitioner's guilt of either of the charged offenses. More specifically, counsel did not concede that Petitioner robbed Rehor or that Riley's death resulted from any action by Petitioner. The state post-conviction court's denial of this ground did not result in a decision that was contrary to, or involved an unreasonable application of, the *Strickland* standard, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Seven**

The prosecutor filed a pre-trial motion *in limine* to prohibit defense counsel from eliciting

17

testimony from any witness that: (1) [Petitioner] was terrified of Kimo Riley, (2) Kimo Riley robbed a BP gas station on a prior date, (3) [Petitioner] had bruises on her body prior to the crimes, (4) Kimo Riley had a gun or ever carried a gun, or (5) Kimo Riley was going back to New York to face criminal charges. (Doc. 13, Ex. 1, Vol. I, p. 74). Following a hearing on the motion, a state trial court judge[9] ruled as follows:

> [T]he Court finds that out of court statements by Defendant alluding to her fear of Kimo Riley and reasons therefore, or by Kimo Riley threatening her with physical harm are not hearsay and are relevant to establish the Defendant's state of mind as it relates to the issue of duress.[10] With respect to evidence of Kimo Riley robbing a BP gas station on a prior date, the Court finds that such evidence is not relevant, absent an appropriate  foundation, to the issue of duress.  With respect to evidence of bruises on the Defendant before the robbery, the Court finds that such evidence is not relevant, absent an appropriate foundation, to the issue of duress.  With respect to evidence that Kimo Riley was going back to New York to face charges, the Court finds that such evidence is not relevant, absent an appropriate foundation, to the issue of duress.  With respect to evidence of whether Kimo Riley had a gun or ever carried a gun, the Court finds that such evidence is not relevant, absent an appropriate foundation, to the issue of duress.

(Doc. 13, Ex. 1, Vol. I, pp. 78-79).

Petitioner contends that her trial counsel rendered ineffective assistance by not arguing "the exclusion of character evidence [(specifically the five issues enumerated in the prosecutor's motion *in limine*)] of victim Riley which would have supported [her] defense." (Doc.1, p. 9).  She argues that "[t]he victim's specific prior bad acts of violence were admissible to prove the reasonableness of [her] apprehension [of] the victim," and that [t]he court's order prohibiting this evidence should never have been granted and defense counsel's failure to argue the admissibility of this evidence

---

[9] The state judge that conducted the hearing on the motion *in limine* was not the same judge who presided over the trial.

[10] The record shows that Petitioner supported her defense by testifying repeatedly at trial about her fear of Riley and his threats of violence toward her.  (Doc. 13, Ex. 1, Vol. VIII, pp. 681-82, 690-91, 704, 707, 710-11, 718-21, 728-31, 734).

prejudiced [her] from receiving a fair jury trial." (Doc. 1, p. 9).

As the state post-conviction court concluded, the record refutes Petitioner's claim that "counsel failed to argue the exclusion of character evidence of victim Riley." The record shows that counsel did, in fact, argue at a pre-trial hearing against the exclusion of evidence on all five bases of the prosecutor's motion *in limine*. (Doc. 13, Ex. 10, attach. to order denying, in part, Rule 3.850 motion, transcript of June 10, 2004, hearing). The gravamen of Petitioner's contention seems to be that counsel did not argue strenuously enough against the motion *in limine*. Such an allegation is insufficient to establish a federal constitutional violation. Petitioner fails to establish that a reasonable probability exists that any additional argument by counsel would have resulted in (1) a rejection of the motion, (2) the admission of the character evidence and (3) a different outcome at trial if counsel had further pursued the specific line of argument she suggests. Consequently, the state post-conviction court's rejection of this ground is neither an unreasonable application of *Strickland* nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Eight**

Petitioner contends that her trial counsel rendered ineffective assistance by not objecting to prosecution witness Aneita Fowler testifying at the second trial. Specifically, Petitioner alleges:

> State witness Aneita Fowler was placed on the stand [at the first trial] to testify that [Petitioner] allegedly made a comment that had never been heard by anyone prior to Fowler's testimony. The judge ruled that the prosecution knew four days prior to trial what Fowler would testify to, yet [the] prosecutor failed to amend the discovery. After the mistrial[11] [in the first trial], the court ordered both counsels to take depositions before the next trial in which the prosecution failed to comply. Defense counsel failed to object to Fowler's testimony in the second hearing which, again,

---

[11] A mistrial was declared in the first trial because Fowler testified on direct examination about incriminating statements allegedly made to her by Petitioner which had not been disclosed to the defense during discovery. (Doc. 13, Ex. 1, Vol. I, p. 63).

19

was a direct violation of the discovery and trial court orders. The deposition of
Fowler was necessary to ensure a fair and impartial trial on behalf of the [Petitioner]
where Fowler was considered to be a biased witness being that the victim was her
cousin. Fowler's testimony severely prejudiced the [Petitioner and] had Fowler's
testimony been removed from trial, [Petitioner] believes that the State would not
have had sufficient evidence to support a jury verdict of guilt.

(Doc. 1, p. 10).

The state post-conviction court summarily denied these allegations in Petitioner's Rule 3.850

motion:

Defendant alleges ineffective assistance of counsel for failure to object to the
testimony of Aneita Fowler. Specifically, Defendant alleges counsel should have
objected to Fowler's testimony because Fowler was biased because it was her cousin
who had died (Riley). Defendant claims Fowler's testimony made the Defendant
sound like a "common thug" with "no remorse for her actions." Defendant claims
that had the jury not heard Fowler's testimony, the jury would have found the
Defendant guilty of a lesser crime or acquitted her completely.[12] However, the court
notes that bias is not a valid reason to exclude relevant testimony, but rather an issue
that can be raised relevant to the witness's credibility once that witness presents
testimony. *See Dukes v. State*, 42 So. 2d 316 (Fla. 2d DCA 1983); *see also* Fla. Stat.
§ 90.608(1)(b). An objection to Fowler's testimony on the basis that, as the
decedent's cousin, she was biased against the Defendant, would not have been
successful. As such, counsel cannot be deemed deficient for failing to object to the
testimony of Fowler on the basis that the witness was biased. [This ground] . . . is
denied.

(Doc. 13, Ex. 10, p. 8).

While Petitioner's ineffective assistance ground is of federal constitutional dimension, her

underlying claim challenging the application of state procedural rules is a matter of state law. Both

the state post-conviction court in rejecting Petitioner's ground of ineffective assistance and the state

district court of appeal in affirming that rejection have answered the question of what would have

happened if counsel had objected on the basis that Petitioner now suggests. *See e.g., Herring v.*

---

[12] Fowler testified at the second trial on both direct examination and cross examination that Petitioner told her
that Petitioner and Riley went to the victim's apartment to commit a robbery. (Doc. 13, Ex. 1, Vol. V, pp. 385, 393-96).

20

*Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'"); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on [state law] – the objection would have been overruled . . . . Therefore, [petitioner's counsel] was not ineffective for failing to make that objection."). Accordingly, Petitioner shows neither deficient performance nor resulting prejudice from counsel's decision to forego the objection Petitioner suggests. *Strickland*, 466 U.S. at 691-92. This ground warrants no relief because Petitioner fails to meet her burden of proving that the state post-conviction court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground. *See* 28 U.S.C. § 2254(d)(1), (2).

**Ground Nine**

Petitioner contends that her trial counsel rendered ineffective assistance by failing to request a jury instruction on the lesser-included offense of assault pursuant to Fla. Stat. § 784.011. Petitioner argues entitlement to the instruction because, although she "was present and had minor participation in the crime," her actions "warranted an instruction for a lesser offense." (Doc. 1, p. 11).

The state post-conviction court initially summarily denied this ground in part and directed the State to respond:

> Defendant alleges ineffective assistance of counsel for failure to request a jury instruction for the lesser-included offense of assault. Specifically, Defendant claims that assault is the only criminal offense that she committed and that, had counsel

21

> requested this jury instruction, the jury would have ben able to use their "pardon power" and convict her of this offense. The court notes that Defendant was charged with robbery pursuant to Florida Statutes Section 812.13(1) and (2)(a) and second-degree felony murder pursuant to Florida Statutes Section 782.04(3). Assault is a category two lesser-included offense to robbery. *See* Florida Standard Jury Instructions. However, as to the charge of second-degree felony murder pursuant to Florida Statutes Section 782.04(3), assault is not a lesser-included offense to that charge. As such, counsel cannot be deemed ineffective for failing to request assault as a lesser-included offense to Defendant's charge of second-degree felony murder. However, to the extent that Defendant claims counsel was ineffective for failing to have requested the lesser-included offense of assault to Defendant's charge of robbery, the court cannot conclusively refute this allegation from the record. As such, the State is ordered to respond to this portion of Defendant's ground . . . .

(Doc. 13, Ex. 10, p. 10) (court's record citation omitted).

Following the State's response, the state post-conviction court denied the remaining part of this ground in Petitioner's Rule 3.850 motion:

> Defendant alleges ineffective assistance of counsel for failure to request a jury instruction for the lesser-included offense of assault. Specifically, Defendant claims that assault is the only criminal offense that she committed and that, had counsel requested this jury instruction, the jury would have been able to use their "pardon power" and convict her of this offense. However, the court notes that "a claim alleging ineffective assistance of counsel for failure to request an instruction on a lesser-included [offense] may be summarily denied" as a defendant alleging such will be unable to demonstrate prejudice as a result of counsel's alleged deficiency. *Sanders v. State*, 946 So. 2d 953 (Fla. 2006). As Defendant is unable to demonstrate prejudice on her claim that counsel should have requested a jury instruction for the lesser-included offense of assault, [this ground] . . . is denied.

(Doc. 13, Ex. 12, pp. 4-5).

As the state post-conviction court noted, assault is not a lesser-included offense of second-degree felony murder. *See* Fla. Std. J. Inst. 15.1 (West 2003). Consequently, Petitioner cannot establish either deficient performance or resulting prejudice under *Strickland* to warrant relief on that portion of the ineffective assistance of counsel argument in ground nine.

As to her allegation that counsel should have requested the instruction on assault as a

lesser-included offense of robbery, Petitioner likewise cannot obtain relief. The state trial court judge instructed the jury on six lesser-included offenses of robbery with a firearm.[13] The jury convicted Petitioner of attempted robbery with a firearm. (Doc. 13, Ex. 1, Vol. I, p. 115). Petitioner's assertion that the jury would have convicted her of assault rather than robbery is speculative and insufficient to prevail on a claim of ineffective assistance of counsel. *See Harris v. Crosby*, 151 Fed. App'x 736, 738 (11th Cir. 2005) ("[Defendant]'s assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation - speculation both that the state trial court would have decided to instruct the jury on the lesser-included offense and that the jury, if instructed on the lesser-included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial."). Petitioner fails to meet her burden of proving that the state post-conviction court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this ground. *See* 28 U.S.C. § 2254(d)(1), (2).

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner's Section 2254 petition (Doc. 1) is **DENIED** with prejudice. The clerk is directed to enter judgment against Petitioner and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

---

[13] The state trial court judge instructed the jury:

The lesser-included crimes indicated in the definition of robbery with a firearm, less than $300.00 are: Robbery with a weapon less than $300.00; robbery less than $300.00; attempted robbery with a firearm less than $300.00; attempted robbery with a weapon less than $300.00; attempted robbery less than $300.00; and petty theft less than $300.00.

(Doc. 13, Ex. 1, Vol. IX, p. 923).

23

Petitioner is not entitled to a certificate of appealability. There is no absolute entitlement to appeal a district court's denial of a habeas petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing. Since Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** this 27ᵗʰ day of February, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
Counsel of record